No. 24-1108 Still morning, so good morning, Mr. Karla. Good morning to everyone. May I please the court, Benjamin Garber on behalf of BR Penn Realty Owner LP, and I would like to reserve five minutes for rebuttal if I may. I thought you'd never, I'll bet you never thought you'd be back in civil procedure class. I don't know if I gave it that much thought, but you're right. Here we are, aren't we? The reason we're here today, your honor, is that we believe the district court erred in this matter in connection with a mortgage foreclosure relating to a commercial piece of property in Philadelphia, and what... So there are two questions. Is this a money judgment, that's actually shorthand for it, and is this a judicial sale or execution sale? Is there any dispute that this is an execution sale? I think so, your honor. The district court seems to have tried to walk a tightrope in finding that both occurred, because what, if you read the district court's opinion in this matter, the district court found that 28 U.S.C. 2001 applied, and that the district court complied with it by virtue of the clerk's issuance of a writ, which is not a court order, but I can address that later. In addition, the court also said that Federal Rule 69A, which clearly says money judgments, that that also applied. But to your honor's point, in the letter that was submitted from... So are you arguing that this is in fact a judicial sale, or are you just arguing that this was not a money judgment? It was definitely not a money judgment. This was a one count complaint in mortgage foreclosure. Okay, so you're contesting the money judgment point in Rule 69A. Are you also saying, yeah, this is a judicial sale anyway? We are arguing that it's a judicial sale. We argue that it's a judicial sale based upon Kappa Bianco, which looked at it, albeit looking at 28 U.S.C. 2401C, not 2001, but in that court, it looked at a Pennsylvania mortgage foreclosure proceeding, and found that it was akin to, that it met the requirements of a judicial sale. This is not an equitable remedy to turn over a piece of property. It's a final judgment ordering one side to pay another side a certain amount of cash here, right? No. The amount of cash was 51 million and change with all the interest and stuff, right? No, that's not what the order was, and that's not what it could have been. It's a mortgage foreclosure in rem, which by definition means it's not ordering anyone to pay any money. But if there was leftover money from the sale, it wouldn't go, more than 51 million wouldn't go to the mortgagee, right? There was a surplus. Those monies, in theory, would be returned to the property owner. It would be returned to the property. A true in rem judgment would have handed the whole thing over, and this didn't. If this sold for 60 or 70 million, the extra money would go back to the mortgage or the property owner, right? Former, yes. A former property owner, okay? So it's not, this is not an equitable remedy saying you have the whole thing. It's saying pay over the first 51 million to the lender. No, I would disagree, your honor. This was a one count mortgage foreclosure in rem to foreclose on real estate, which by definition is different from a money judgment, which is an order to pay a sum certain. It couldn't possibly be a money judgment. Couldn't this judgment have been satisfied by just paying cash, that amount? Or executing on a bank account, putting a lien on some other property? No, that's precisely why it's not a money judgment. On the face of the order, why is that not the case? Well, the court's order is somewhat wrong, because I don't think it's any dispute whatsoever that this is an in rem mortgage foreclosure action on the mortgage. It is hereby ordered that judgment is entered in favor of plaintiff U.S. Bank National Association and against defendant B.R. Penn Realty Owner, L.P., in the amount of 51,392, et cetera. Yes. That looks like a money judgment. That's precisely the problem, and it's one of the things that we argued a bunch of times in our papers and to the district court, is that the order, the way it was styled, is completely erroneous. That's our point. This was a foreclosure complaint. That's the order being appealed. They did not transfer title of the property. They did not say, you've got 640 North Broad Street now. It's written as a money judgment. Well, then the district court, in this case, ordered relief that the plaintiff did not seek, never sought, never asked for in the complaint, didn't proceed to trial on, didn't move for summary judgment. That should have been your appeal, not that it's not a money judgment. I mean, the 69, this is the money judgment issue. That's written as a money judgment. And the suit was for breach of the loan agreement. The suit was to foreclose on a mortgage. The mortgage secures a debt, the note is the agreement, and the complaint in this case, which I think will be stipulated by my colleague, was to seek foreclosure on the property, to force a sale of the property in satisfaction of an alleged debt. It couldn't possibly be a money judgment in this case. In fact, I believe the loan sale is a means of collecting the $51 million. Why can't that possibly be a money judgment? Because Pennsylvania law just simply defines it elsewhere. I mean, I could, there's tons of cases that talk about interim proceedings versus money judgment proceedings, and this one's interim. 69A is in the federal rules of civil procedure, okay? So we're not bound by the way that what Pennsylvania styles the debt. We're applying a federal definition of whether this is a final judgment ordering one side to pay another cash. Judge Ambrose just read the order was pay $51 million to the lender. Judge Krause points out, if they came up with a bank check or cashier check for 51 million, the whole thing would go away. They do not have an in-rem right to 640 North Broad Street. It's held only as collateral to ensure the payment of the 51 million. What I would say to that is this was not a case for a money judgment. I recognize 69A applies to money judgments, and that's part of our point, which is this was not a case seeking a judgment in money, regardless of what the district court's order may or may not say. What's your definition of a money judgment, then? Oh, I agree with you that the way the district court wrote the order sounds like a money judgment. My point is, though, that it's completely erroneous because this was not a money judgment. In fact, I believe the contract documents in this case precluded seeking a money judgment. This is foreclosure action. Well, then, your claim should not say this is not a money judgment. Your claim should be the district court erred in granting relief that wasn't properly pleaded and proved. That's not a 69A problem. Well, I think 69A clearly says money judgment. This could only have possibly been a mortgage foreclosure judgment, notwithstanding, and that's part of the point, is this court, and I think we did argue that because what we've been arguing is that the court did not, in its order, include any language that said you are to foreclose on the property, sell it, issue a rate, whatever it could have said, and we cited examples of where a district court, in fact, does put that in its order. That was an argument that we made, that this order was ineffective because the relief it was not the relief at the point that you even saw it. Well, it could have done that, right? That's what Branch Coal is about. It could have made the order out to be truly in rem, but the premise of Branch Coal is it could have done it the other way, and it's because Rule 69 allows for the court to take a different approach. It's per the court's own order that if it decides to go the 2001 route, it can, but how do you square your position with the very premise of Branch Coal, and as we cited to you in our notice, the Supreme Court's decision in Yazoo, which was interpreting the predecessor statute with identical language. Right, so I guess the answer to the first question is I don't think it's a choice in this case for the district court to decide whether to issue a money judgment, and I'll give you an example of why. This was so clearly a foreclosure case, in fact, to your Honor's question before, the plaintiff in this case could not have gone and executed on a money judgment. It could not have taken any of the typical execution procedures that are available to a creditor who has a money judgment. It couldn't have done any of those things. The only thing it could have done is to foreclose on the property. That's it, because this was an in rem proceeding. It was pled that way, and that's what it is, one count mortgage foreclosure. So there was no choice here for the court to pick whether or not it wanted to do a judicial sale under 2001 or rely on Federal Rule 69A, which doesn't even say anything about mortgage foreclosure. It says only money judgment. That's the point. It couldn't pick. It tried to do both, and in so doing doesn't even talk about Yazoo or Capo Bianco or any of the other cases. It totally missed the issue on that point of whether this was a judicial sale or not. Capo Bianco seems to cut the other way, because Capo Bianco is distinguishing between judicial sales and for purposes of the discharge of the tax lien in that case, was saying that's a capacious term. But when it comes to an action for foreclosure, it's recognizing that the language of this 2001, it's got to be a judicial sale that is under the court order or decree, right? Right. That's the case in the Third Circuit that we're left with addressing whether or not it's a judicial sale or not, and in fact, in that case, they cited Mitchell v. St. Martin's, I believe, where the court referred to a martial sale per writ of fury, fascist, I'm going to misstate that, as a judicial sale, which is exactly what happened here. You had a martial sale pursuant to a writ of execution off of a foreclosure judgment. That's using the term judicial sale in a colloquial sense. Our case law in Yazoo, the Supreme Court's case, indicates that there's a distinction to be made, and that when it's a judicial sale that is under the order or decree of any court of the United States, that that is something distinct. That is when the order directs the sale of the property in the text of the order itself, as distinct from a writ of execution, where it's ministerial for the marshal to go out and conduct the sale. All I would say to that, Your Honor, is that what actually happened in this case was you had a foreclosure judgment, you had a decree from the court, and the sale was sold at a foreclosure sale at the direction of the marshal, which is precisely what 2001 is talking about. And Rule 69A talks about money judgment, so if it isn't a judicial sale, then there should be clarification somewhere to the fact that, one, Rule 69A applies to a foreclosure action in rem, as opposed to a money judgment, because it clearly says money judgment. You're asking us to take the position that any time a complaint is seeking foreclosure as a remedy, that regardless of what the court actually orders, whether it's in the form of a monetary judgment in the text of the order, or it directs the sale of the property itself in the text of the order, that both of those are to be treated identically, and that both of them are subject to 2001. Yes, because in this case, the order is just clearly erroneous. They couldn't possibly have been in order to pay $51 million, and no one in this case has proceeded as such. The plaintiff never took any execution, never treated it as a money judgment, and it isn't a money judgment. The cases you cite for 2001, however, from the Eastern District of PA and the Middle District, all involve judgment on a mortgage and decree of foreclosure. That's not what this order's covering. I understand the court's point. The court is making a different point, and I acknowledge the district court's order doesn't say that, although that is entirely what it is in reality, but I agree that the words are not used in this district court's order. I agree with that. I mean, it seems to me, even for example, when you look at subsequent to the order of court in June of 23, that even the precipice used the word foreclosure in it, and it was a Pennsylvania form, and because the word foreclosure keeps creeping in, somehow people think this is not what is covered by Rule 69, but the order that we have, the order that is on appeal is a money judgment, and Rule 69A talks about money judgments. I don't know how to get around that. Well, I think the way to do it is that we're kind of ignoring, in my opinion, we're ignoring the reality of the fact that this wasn't a money judgment, notwithstanding, you're right, that the order sounds like a money judgment, but it can't be, and it wasn't. Shouldn't you have asked, or somebody asked the district court to modify the order then? Well, I think, in truth, I think if you, even if it wasn't specifically asked for, I think it probably was in the many, many briefing motions that we filed where we argued that this court's order was wrong. Okay, but I think we have a ministerial problem, Judge. I think this is, should have been, this order should relate to a foreclosure, not a loan agreement, a mortgage as opposed to a loan agreement. Isn't that what you're saying? I think we did make that argument, because we said this is a mortgage foreclosure. Did you go back and ask the court to revise the order? I think we did, because we made the point that you're on, the court, the district court entered- Did you file a formal motion to ask the court to revise the order? I don't think we used those exact words, Your Honor, because no one would have thought- So what did you do to ask the court to revise the order then, if you didn't make a formal motion? Did you ask for an office conference or anything like that? Well, we had two hearings after the trial where we filed motions to quash and to stop the sale, where we argued that the district court's order was wrong and did not order the sale of the property and that this was a mortgage foreclosure case. Your Honor is 100% correct that we didn't file a type of motion that said, revise the order because it reads as a money judgment, although we did argue that. That was something that we made 100% clear to the district court at all periods of time. Okay. We'll hear from you in rebuttal. Thank you. Good morning, Your Honor. May it please the court, Ray Quagliar from the Ballard Spar Firm for the appellee in this matter. Obviously, the court has framed the issue, so I'm going to work off of that framing. Can we just start with, what do you think the difference is between an execution sale and a judicial sale? To me, Your Honor, a judicial sale pursuant to Yazoo is a sale that is pursuant to a specific order of the court, ordering that the sale be conducted, be held on certain terms and  If that were the case here, we would have proceeded exclusively under federal law and with the court's order. This is an order of the court. I mean, can a foreclosure ... Let me try it another way. Can a foreclosure sale ever be an execution sale? Yes. Yes. And I think that there's decisions which have treated it as such and allowed it to proceed pursuant to Federal Rule 69. I think here the appellant is conflating or confusing a money judgment with an in personam judgment, and I don't think they're the same. An in personam judgment would be obviously recoverable against any assets of the defendant. This was not that, but this was a judgment for a sum certain. We could not have collected more than that from the sale. If the defendant had come forward and written a check for that amount, we could not have held the sale. There's a certain amount of money owed, and we are entitled under the terms of the mortgage to recover that judgment, execute on that judgment against the property, consistent with Pennsylvania law under Rule 69, because there was no other order from the district court telling us what to do or how to conduct the sale. The district court did sort of have your cake and eat it, too, getting to the writ of execution being sufficient for a court order or decree. Do you agree that a writ of execution could satisfy the definition of a judicial sale under order or decree of the Court of the United States? Only at some point, Your Honor, and I'll say that because that was our argument, and the argument was that, as we understood the appellant below to be arguing, a mortgage foreclosure sale is per se a judicial sale subject to Rule 2001, and therefore, when you don't have a court order ordering that sale, that's a defect that needs to be reversed. Our position is, first and foremost, you don't need to have that order. If the district court chooses to enter that order, are you under Rule 2000? The foreclosure order or the execution order? I'm sorry, Judge? The foreclosure order or the execution order? An order of sales under 2001 from the court, not simply a judgment, not simply a judgment, be it for a sum certain, be it for mortgage foreclosure, but a judgment that actually says, and you are to sell the property, or here's how you're going to sell this property, and that's what we don't have here. But our position is simply, if that were to be the court's holding, that absolutely, any time you're foreclosing, you're proceeding pursuant to Rule 2001, and you need an order that, in this case, a writ of execution could satisfy an order. It wouldn't trump a judicial order, but if you don't have an order from the court, and you're required to have an order, there is precedent for arguing that the writ of execution could serve that function. Wouldn't that be directly contradictory to Yazoo and Branch Coal and Capo Bianco in the distinction that it's making? I don't disagree, Your Honor. It is a fallback argument that I am happy to withdraw before the court. I mean, normally, when you see mortgage foreclosures, it is almost always something under state law. Correct. And when you see an action in a federal court, it usually is something seeking money, which is what you sought here. We sought it, Your Honor, we sought a judgment in mortgage foreclosure for a certain amount of money. So then how does the foreclosure come about to tag on to the money judgment that was entered by Judge Beadlestone here? The judgment is to be satisfied, at least in the first instance, by foreclosing on the  So it's like, okay, I get it, I get it. But in state court, it would be, you would front and center have a mortgage foreclosure. You have a mortgage document, you have a note or a loan agreement. The note and the loan agreement have been violated, and therefore, because there is a default, we have the right to foreclose according to this mortgage document. Is that what you said before Judge Beadlestone?  But the judgment you got, the order you got, was for money only, is that right? There were two orders, Your Honor. In the first instance, the court held that we were entitled to the judgment in mortgage foreclosure in an amount to be determined upon. I have one in Appendix 334, what's the other one? There was the initial judgment, and I'm sorry, I don't have the appendix cited at my fingertips, but there was an initial judgment in March of 2023 with a very lengthy opinion that's currently on appeal in a matter the court has taken up on submission on the papers, in which the court held that the plaintiff was entitled, the lender was entitled to judgment in mortgage foreclosure in an amount of money to be determined. And then the second order, which was the final judgment, that was dated, I think, the end of June 2023, that's the judgment that we're looking at today with the amount of money. And that's a money judgment, right? Your Honor, I would say so for purposes of Rule 69, yes. Okay. Thank you very much. A couple points. One is that the district court in this case found that 2001 applied and that this was a judicial sale. And found that the clerk's writ was the court's order under 2001. But it found that in the alternative, right? It found that in an abundance of caution in addition to having made his determination about this being an execution sale that was subject to Rule 69. I don't read that that way. I think the court's opinion has two sections, B and C, to the opinion. The first one is that proceeding under Rule 69 is proper. And then the court addressed the fact that it complied with Rule 2001, first stating that the clerk of court's issuance of writ of execution was in order for purposes of Section 2001A. I do not read that, Your Honor, respectfully as being in the alternative. That clearly is indicating to me that the district court in this case believed to be operating under 2001. I think even my colleague here couldn't answer necessarily directly to the obvious, which is that this judgment, this case is a mortgage foreclosure case. And the order that it obtained, while it does say an amount to be paid, it was a judgment mortgage foreclosure. The point of fact is that the plaintiff in this case could never execute in any of the ways that anyone with a money judgment could execute in the ordinary course. None of the things. Couldn't get a charging order, couldn't garnish a bank account, couldn't do any of those things. The only thing it could do was foreclose, because this is an in rem proceeding to foreclose. If you get a money judgment, you can also have a sheriff go out and levy on personal property. Absolutely. The point being here, though, that in a mortgage foreclosure case, which is an in rem proceeding against the property only, you're limited to the property. Given the distinction that we've made in Capo Bianco and Branch Cole, and given the Supreme Court ruling in Yazoo, how could we conclude that something that is not subject to the court's supervision, where there's simply a precipice for writ of execution, and is where property is sold with the marshal or sheriff doing so in a ministerial capacity, that that is something that meets the definition of judicial sale subject under a order or decree of a court of the United States? I'm not sure that what occurred here was a ministerial sheriff's sale. I've attended many in state court. This one was nothing like that, in fact. This was run exclusively by the U.S. Marshal Office, held in the U.S. Marshal's office, and it bared no resemblance whatsoever to an ordinary sheriff's sale. How much did the building go for? Well, I think the highest bid was $42 million. There was one person that appeared, so I think the plaintiff bid that amount plus and took the property back effectively for its cost. Did they sue for the deficiency? No. There's a motion for a deficiency. Let me restate that to answer your question in English. One was filed, a petition for a deficiency was filed with this court, and it was responded to by my office, and the district court dismissed it without prejudice, I believe as premature, probably awaiting the ruling before Your Honor. Thank you. With the case law that we have and that controls us, how do you distinguish those cases, and they're holding that an execution sale and money judgment like this does not meet the definition of judicial sale under 2001? Right. So the only case I've seen in the Third Circuit that actually addresses this issue, albeit I agree under a different part of the section, 2401C, is Capa Bianco, and it says in there that what occurred in a Pennsylvania mortgage foreclosure action proceeding qualified as a judicial sale, and it cites a case where it talks about a marshal sale property pursuant to effectively a writ of execution using its Latin term was a judicial sale. Those are the cases. But if it was an execution proceeding, then Rule 69A doesn't on its face apply to that proceeding. It talks about a money judgment, and I know I guess there's some disagreement as to what this court's order was. I don't think there's any real dispute in practice that this was a foreclosure judgment, and what subsequently took place was an order from the U.S. District Court setting up a sale of property without providing any direction on what to do with respect to the sale of property, and instead citing the clerk of court's issuance and calling that its order, which I think is erroneous. But when you look at Capa Bianco, it says that when the Supreme Court decision in Yasso asserted that judicial sales made under order of decree of the court do not extend to executions which issue by mere precipice of the judgment creditor. And it looks to me like what we, I mean, isn't the only precipice you could have, even though it uses the word foreclosure, it looks like it's an execution for a money judgment. I recognize that, Your Honor, and if you read further down, it says judgment in this case was obtained in an action for mortgage foreclosure, case here, a plenary proceeding in the court of common pleas preliminary to the sale of the specific land described in the complaint, what happened here, although we were in district court clearly, and said that, and found that it would comply and basically was a judicial sale for purposes of 2401. Back to my theme that the use of the word foreclosure here got people confused as to whether this is really a foreclosure judicial sale or an execution of a money judgment, an execution sale. And there's a, this is a civil procedure, unfortunately, which, as I started out, it's, there seems, there is a difference between the two, and the order on appeal to us looks like it's an execution sale under Rule 69, even though I don't think that's what you intended. Yeah, well, certainly it would not have been, and it is not one. It also makes no reference to 69A either, it doesn't reference any, it doesn't even reference the property. Can I ask one other question? What difference does it make here? I mean, if, as your friend across the aisle has represented, the notice provisions of 2002 were in any event complied with, other than there not being a separate order that had the property itself in it and directed that sale, is there actually any prejudice to your claim? No, absolutely not. It's certainly, it's form, it's procedure, and it's just simply that you have these rules that don't really make a whole lot of sense when read together in the context of a diversity case brought on a mortgage foreclosure. In federal court, it doesn't make sense because you have Rule 69A talking about money judgment, saying nothing about an interim foreclosure, which is what this was. Then you do have a court, a district court's order directing the sale, but yet, perhaps it's not subject to 2001. So there's certainly some ambiguity or something similar to that in what exactly the rules are providing. And point of fact, the district court in this case said that it was a 2001 sale and that Her Honor complied with it. Thank you. I thank both counsel for this argument today and for your patience in sitting through a long morning. And we will take this case under advisement as well.